# In the United States District Court for the Southern District of Georgia Waycross Division

KALAIAH JEFFERSON,

    Plaintiff,

v.

CREDIT BUREAU ASSOCIATES
d/b/a Merchants & Medical,

    Defendant.

5:23-CV-103

## ORDER

Before the Court is a motion to dismiss, or, in the alternative, a motion for more definite statement filed by Defendant Credit Bureau Associates. Dkt. No. 12. Plaintiff Kalaiah Jefferson has responded in opposition, dkt. no. 16, and the motion is ripe for review.

## BACKGROUND[1]

Plaintiff brings this Fair Debt Collection Practices Act ("FDCPA") action against Defendant for its attempts to "unlawfully and abusively collect a debt allegedly owed by Plaintiff." Dkt.

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

No. 1 ¶¶ 1, 2. Beginning in or around March 2021 and continuing, Plaintiff repeatedly raised concerns about multiple fraudulent accounts with Defendant via the websites of Transunion, Equifax and Experian. Id. ¶ 12. It appears Plaintiff received a response from Defendant "that the accounts were verified and accurate," but Plaintiff maintains such a response was not satisfactory because Defendant did not produce paperwork signed by Plaintiff. Id. On April 12, 2022, Plaintiff sent a certified debt validation letter to Defendant "requesting proof that the alleged debt actually belonged to her, that her wet ink signature was on the debt that was harming her consumer report, [and] that she had signed a contract with the Defendant allowing them to have her nonpublic personal information and more." Id. ¶ 13. Because Defendant did not produce the requested information, Plaintiff alleges Defendant should have removed the fraudulent account(s) from her credit report. Id. Plaintiff further alleges that "[a]fter several pleadings" to Defendant, "all of the fraudulent collection accounts except one, were removed from the Plaintiff's credit report, but a negative impact remained." Id. ¶ 17. Plaintiff recorded a telephone conversation with Defendant's supervisor, Deidra Sokolsky, which "did not end well." Id. ¶ 18. On March 28, 2023, Plaintiff emailed Defendant's supervisor, copying the original creditor of the alleged debt, with the primary objective

2

to correct her report and have the remaining "falsified account terminated." Id. ¶ 19. In this email, she stated that although she did not owe the debt, she was ready to pay it, but "neither side would agree on how she would like to make the payment given she thought there was no other way to have the fraudulent account deleted so the account remained on the Plaintiff's report." Id. ¶¶ 20, 21. The account was closed and removed from Plaintiff's consumer report on July 30, 2022, but it reappeared on her report around August 31, 2022. Id. ¶¶ 22, 23.

Plaintiff's complaint contains a single count for violation of the FDCPA. Id. at 8. The Count reads:

> The plaintiff refers to the above paragraphs as if they were recited verbatim.
>
> Defendant violated the FDCPA based on the following:
>
> Defendant violated § 1692e of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.
>
> The Defendant[] violated 15 U.S.C. 1692e(8), which prohibits the communication of credit information known to be false or which should be known as false, including the failure to communicate that a disputed debt is disputed.

3

> The Defendant[] violated 15 U.S.C. 1692e(10), which states that the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> The Defendant, Credit Bureau Associates, violated 15 U.S.C. 1692e(14), when the Defendant used a name, "Merchants & Medical," which was not the true name of the debt collector's business, company, or organization.
>
> The Defendant used unfair and unconscionable means to collect a Debt, in violation of 15 U.S.C. § 1692f.
>
> The Defendant continued collection efforts even though the Debt had not been validated, in violation of 15 U.S.C. § 1692g(b).
>
> The Defendant's conduct renders them jointly liable for the above-stated violations under the FDCPA.
>
> The plaintiff is entitled to damages as a result of the Defendant's violations.

Id. at 8-9 (paragraph numbers omitted). Attached to Plaintiff's complaint are thirty-three pages of exhibits, including a letter dated February 2, 2023 from Defendant to Plaintiff, dkt. no. 1-2 at 1; an invoice from Coffee County Solid Waste addressed to Plaintiff, id. at 2; "Conditions of Admission" to Coffee Regional Medical Center, id. at 3-4; an invoice from Coffee Regional Medical

4

Center addressed to Plaintiff, id. at 5; "Conditions of Admission" to Coffee Regional Medical Center, id. at 6-10; entries on an apparent credit report, id. at 11-12; a "Debt Validation Letter" from Plaintiff to Defendant dated April 12, 2022, id. at 13; an unaddressed and undated "Cease and Desist" notice, id. at 14; documents bearing a Consumer Financial Protection Bureau logo which reflect an apparent complaint submitted on January 5, 2023, id. at 15-17; a "Debt Validation Letter" from Plaintiff to Defendant dated January 13, 2023, id. at 18; documents bearing a Consumer Financial Protection Bureau logo which reflect an apparent complaint submitted on February 17, 2023, id. at 19-20; a list of accounts addressed to Plaintiff from Defendant, id. at 21; emails between Plaintiff and Diedra Sokolsky dated March 28-30, 2023, id. at 22-26; an apparent credit report for Plaintiff dated July 3, 2022, id. at 27-29; an apparent credit report for Plaintiff dated July 30, 2022, id. at 30-31; and an apparent credit report for Plaintiff dated August 31, 2022, id. at 32-33. In her prayer for relief, Plaintiff requests a declaratory judgment that Defendant violated the FDCPA, unspecified actual damages, statutory damages, and punitive damages. Dkt. No. 1 at 9.

Defendant moves to dismiss Plaintiff's complaint in its entirety for failure to state a claim pursuant to Federal Rule of

Civil Procedure 12(b)(6) or, alternatively, moves for a more definite statement of Plaintiff's claim. Dkt. No. 12.

## LEGAL STANDARD

In order to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A facially plausible claim must allege facts that are more than merely possible." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations that are 'merely consistent with' a defendant's liability" fall short of being facially plausible. Id. (quoting Twombly, 550 U.S. at 557). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." Id. (citing Mamani v. Berzain, 654 F.3d 1148, 1153-54 (11th Cir. 2011)).

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016).

6

But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79.

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

7

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1320 (11th Cir. 2015). Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." <u>Beckwith v. BellSouth Telecomms. Inc.</u>, 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b) are often disparagingly referred to as "shotgun pleadings." The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." <u>Weiland</u>, 792 F.3d at 1321. The types most relevant here are complaints that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," <u>id.</u> at 1322, and complaints that "commit[] the sin of not separating into a different count each cause of action or claim for relief," <u>id.</u> at 1323.

First, in the complaint, Plaintiff asserts Defendant violated multiple subsections of the FDCPA under a single count. The approximately five separate alleged FDCPA violations are accompanied by no specific factual allegations but rather the

8

entire fact section of Plaintiff's complaint. See Dkt. No. 1 at 8 ("The plaintiff refers to the above paragraphs as if they were recited verbatim."). Therefore, the Court cannot discern which factual allegations go with which claim for relief. Moreover, Plaintiff's claims present "a formulaic recitation" of the statutes which is not sufficient to state a claim under Rule 12(b)(6). See, e.g., id. ("Defendant violated § 1692e of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.").

As to Plaintiff's factual allegations, they explain in detail the back-and-forth communications between Plaintiff and Defendant, but they lack substantive factual detail to support her claims. For example, nowhere in Plaintiff's complaint or thirty-three pages of exhibits does she explain *which* account(s) she disputed with Defendant, why those account(s) were not properly reflected on her credit report, how Defendant communicated false information, how Defendant attempted to collect the alleged debt, etc. Plaintiff's complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief," and, therefore, does not meet the pleading requirements of Rule 8. The complaint is therefore a shotgun pleading.

Nevertheless, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the

9

action with prejudice." Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam). Accordingly, the Court **DENIES** Defendant's motion to dismiss, dkt. no. 12, at this time and **GRANTS** Defendant's motion for a more definite statement. Plaintiff is **ORDERED** to file an amended complaint within **twenty (20) days** of the date of this Order. Her failure to do so will result in dismissal of this action. Further, Plaintiff is warned that her failure to cure the deficiencies noted above will result in dismissal of this case.

## CONCLUSION

Defendant's motion to dismiss Plaintiff's complaint, dkt. no. 12, is **DENIED**, and its motion for a more definite statement, id., is **GRANTED**. Plaintiff is **ORDERED** to file an amended complaint, as directed above, within **twenty (20) days** of the date of this Order.

**SO ORDERED** this 16 day of February, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA