# In the United States District Court for the Southern District of Georgia Waycross Division

| | |
|---|---|
| KALAIAH JEFFERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CREDIT BUREAU ASSOCIATES<br>d/b/a Merchants & Medical,<br><br>    Defendant. | 5:23-CV-103 |

### ORDER

Before the Court is a motion to dismiss filed by Defendant Credit Bureau Associates. Dkt. No. 12. Plaintiff Kalaiah Jefferson has responded in opposition, dkt. no. 23, and the motion is ripe for review.

### BACKGROUND[1]

Plaintiff brings this Fair Debt Collection Practices Act ("FDCPA") action against Defendant for its attempts to "unlawfully and abusively pursue a debt purportedly owed by the Plaintiff." Dkt. No. 18 ¶¶ 1, 2. Beginning in or around March 2021 and

---

[1] At this stage, the Court must "accept all factual allegations in a complaint as true[,] and take them in the light most favorable to [the] plaintiff[.]" Dusek v. JPMorgan Chase & Co., 832 F.3d 1243, 1246 (11th Cir. 2016). Additionally, the Court is required to liberally construe pro se complaints. Lapinski v. St. Croix Condo. Ass'n, Inc., 815 F. App'x 496, 497 (11th Cir. 2020).

continuing, Plaintiff consistently disputed three fraudulent accounts—with balances due of $371, $466, and $4,107—with Defendant via the websites of Transunion and Equifax.[2]  Id. ¶ 5. It appears Plaintiff received a response from Defendant "that each account had been verified and deemed accurate, purportedly supported by paperwork allegedly signed by the Plaintiff," but Plaintiff maintains such a response was not satisfactory because "she did not receive an improved report." Id.

On April 12, 2022, Plaintiff disputed the three accounts through Credit Karma with TransUnion and Equifax.  Id. ¶ 19.  On the same date, she sent a certified debt validation letter to Defendant "requesting proof of the alleged debt's ownership, the presence of her own signature on the debt impacting her consumer report, evidence of any contractual agreement with the Defendant allowing access to her nonpublic personal information, and other

---

[2] Plaintiff does not allege whether she was familiar with Defendant such that she had ever received services or otherwise done business with the company.  Therefore, whether Plaintiff alleges these debts were remunerated or were wholly fabricated is unclear.  Compare Dkt. No. 18 ¶ 24 (Plaintiff "did not owe the alleged debt, and any purported agreement was not entered into voluntarily or willingly.") with id. ¶ 22 (stating the "debt . . . was not hers"). Further, Plaintiff identifies the debts only by amount due and refers to them in the amended complaint as Account 371, Account 466, and Account 4107.  See, e.g., id. at 3.  The Court does the same.

pertinent details."[3]  Id.  "Plaintiff received no debt validation, only correspondences from the Defendant reiterating her supposed indebtedness to them."  Id.  On January 13, 2023, she sent the same letter to Defendant, again via certified mail.[4]  Id. ¶ 20.

On January 5, 2023, Plaintiff filed a formal complaint[5] against Defendant through the Consumer Financial Protection Bureau ("CFPB").  Id.  She lodged a second complaint with the CFPB on February 17, 2023.

"After numerous exchanges with the Defendant, the Plaintiff successfully had fraudulent accounts 371 and 466 removed from her credit report," but their removal "did not fully mitigate negative repercussions."[6]  Id. ¶ 21.

Plaintiff recorded a telephone conversation with Defendant's supervisor, Deidra Sokolsky, which "did not yield a satisfactory resolution."  Id. ¶ 22.  She "expressed her concerns . . . that

---

[3] Although Plaintiff states she attaches the letter as an exhibit to her amended complaint, she does not.  Id. ¶ 19 (referencing Exhibit L).

[4] Although Plaintiff states she attaches the letter as an exhibit to her amended complaint, she does not.  Id. ¶ 20 (referencing Exhibit N).

[5] Although Plaintiff states she attaches the letter as an exhibit to her amended complaint, she does not.  Id. ¶ 20 (referencing Exhibit M).

[6] Although Plaintiff states she attaches documentation evidencing the negative repercussions, she does not.  Id. ¶ 21 (referencing Exhibit P).

she had not received any evidence regarding account 4107, which still appeared on her credit report." Id.  She also "questioned why [Defendant] persistently alternated between closing and reopening account 4107, causing it to repeatedly appear and disappear from her credit history." Id.

On March 28, 2023, Plaintiff emailed Defendant's supervisor, copying the original creditor of the alleged debt, with the primary objective to "rectify[] her credit report and eliminat[e] the remaining falsified account." Id. ¶ 23. In this email, she stated that although she did not owe the debt, she was ready to pay it, but "neither party could agree on the preferred payment amount." Id. ¶ 24.  Account 4107 was closed and removed from Plaintiff's consumer report around July 4, 2023, but it reappeared on her report around August 31, 2023.[7] Id. ¶¶ 25, 26.  Plaintiff alleges she has "suffer[ed] tangible damages" as a result of Defendant's conduct.

Plaintiff brought this suit on November 14, 2023.  Dkt. No. 1.  On January 30, 2024, Defendant moved to dismiss Plaintiff's complaint, or, alternatively, moved for a more definite statement of Plaintiff's claims.  Dkt. No. 12.  The Court found Plaintiff's

---

[7] Plaintiff alleges in the amended complaint that Account 4107 reappeared on her credit report on August 31, *2022*, but the Court presumes this was a typographical error given the timeline of events.  See id. ¶ 26.

4

complaint to be a shotgun pleading but denied Defendant's motion to dismiss and gave Plaintiff the opportunity to file a more definite statement. Dkt. No. 17. Plaintiff filed an amended complaint on March 7, 2024. Dkt. No. 18. Plaintiff's amended complaint contains a single count entitled "Violations of the FDCPA, Fraud and Misrepresentation." Id. at 7. The Count reads:

> The plaintiff incorporates the preceding paragraphs by reference as if they were directly quoted.
>
> Defendant violated the FDCPA based on the following:
>
> - False or misleading representations,
>
> - Unfair Practices
>
> - Harassment or abuse, and[;]
>
> - Failure to provide validation of debt.
>
> Defendant violated § 1692e of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection. In total, there were over three collections recorded on the Plaintiff's consumer report. Upon confronting the Defendant regarding these collections, all except one were promptly eradicated, leaving only the collection with the highest dollar amount unresolved.

5

The Defendant[] violated 15 U.S.C. 1692e(8), which prohibits the communication of credit information known to be false or which should be known as false, including the failure to communicate that a disputed debt is disputed. This includes neglecting to convey that a debt under dispute is indeed contested. Despite the Plaintiff's dispute of the alleged debt, the Defendant persisted in reporting it, thereby causing harm to the Plaintiff's consumer report shown in all **Exhibits** above.

The Defendant[] attempted to misrepresent the alleged debt and violated 15 U.S.C. 1692e(10), which states that the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. Despite the Plaintiff's objection and multiple notices sent to the Defendant, they persisted in their efforts to collect a purported debt from the Plaintiff, even after deleting accounts 371 and 466. However, they failed to provide evidence demonstrating that the Plaintiff legitimately owed said debt.

The Defendant subjected the Plaintiff to harassment by intermittently removing account 4107 and subsequently

>adding it to her credit report without her knowledge throughout the entire duration.
>
>The Defendant, Credit Bureau Associates, violated 15 U.S.C. 1692e(14), when the Defendant used a name, "Merchants & Medical," which was not the true name of the debt collector's business, company, or organization.
>
>The Defendant used unfair and unconscionable means to collect a Debt, in violation of 15 U.S.C. § 1692f.
>
>The Defendant continued collection efforts even though the Debt had not been validated, in violation of 15 U.S.C. § 1692g(b).
>
>The conduct of the Defendant establishes their joint liability for the aforementioned violations under the FDCPA. Consequently, the Plaintiff is entitled to damages as a direct consequence of the Defendant's transgressions.

Id. at 8-9 (paragraph numbers omitted). Attached to Plaintiff's amended complaint are twenty-four pages of exhibits, including a credit report dated October 4, 2021, dkt. no. 18-1 at 1; a credit report dated August 10, 2022, id. at 2-5; a credit report dated October 11, 2022, id. at 6-7; a credit report dated December 5, 2022, id. at 8-9; a credit report dated January 4, 2023, id. at 10-11; a credit report dated January 14, 2023, id. at 12-13; a

7

credit report dated March 18, 2023, id. at 14-15; a credit report dated August 27, 2023, id. at 16-18; a credit report dated September 14, 2023, id. at 19-20; a credit report dated November 12, 2023, id. at 21-22; and a credit report dated December 17, 2023, id. at 23-24. Plaintiff asserts these credit reports show Defendant caused account 4107 "to repeatedly appear and disappear from her credit history." Dkt. No. 18 ¶ 22.

In her prayer for relief, Plaintiff requests a declaratory judgment that Defendant violated the FDCPA, unspecified actual damages, statutory damages, and punitive damages. Id. at 9-10. Defendant moves to dismiss Plaintiff's complaint in its entirety on shotgun pleading grounds, as well as for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 20, 21 at 2.

## LEGAL STANDARD

In order to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A facially plausible claim must allege facts that are more than merely possible." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Factual allegations that are 'merely consistent with' a defendant's liability" fall short of being facially plausible.

8

Id. (quoting Twombly, 550 U.S. at 557). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "But if allegations are indeed more conclusory than factual, then the court does not have to assume their truth." Id. (citing Mamani v. Berzain, 654 F.3d 1148, 1153–54 (11th Cir. 2011)).

In deciding whether a complaint states a claim for relief, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1347 (11th Cir. 2016). But the Court should not accept allegations as true if they merely recite the elements of the claim and declare that they are met; legal conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678–79.

So viewed, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007) (per curiam) (quoting Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001)). Ultimately, if "the well-pleaded facts do not permit the court to infer more

than the mere *possibility* of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (emphasis added)(quoting Fed. R. Civ. Proc. 8(a)(2)).

## DISCUSSION

### I. Defendant's Motion to Dismiss on Shotgun Pleading Grounds

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1320 (11th Cir. 2015). Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. BellSouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Complaints that violate either Rule 8(a)(2) or Rule 10(b) are often disparagingly referred to as "shotgun pleadings." The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." Weiland, 792 F.3d at 1321. The types most relevant here are complaints that are "guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," id. at 1322, and complaints that "commit[] the sin of not separating into a different count each cause of action or claim for relief," id. at 1323.

Plaintiff's amended complaint no doubt bears qualities of a shotgun pleading. First, Plaintiff asserts Defendant violated multiple subsections of the FDCPA under a single count. The approximately five separate alleged FDCPA violations are supported by few or no factual allegations. Rather Plaintiff refers the Court to the entire fact section of the amended complaint. See Dkt. No. 18 at 8 ("The plaintiff incorporates the preceding paragraphs by reference as if they were directly quoted."). Therefore, the Court cannot discern which factual allegations go with which claim for relief. Moreover, Plaintiff's claims present "a formulaic recitation" of the statutes which is not sufficient to state a claim under Rule 12(b)(6). See, e.g., id. ("Defendant violated § 1692e of the FDCPA by making false, deceptive, and misleading representations in connection with debt collection.").

11

As to Plaintiff's factual allegations, they create a timeline and explain back-and-forth communications between Plaintiff and Defendant, but they lack substantive factual detail to support her claims. For example, nowhere in Plaintiff's amended complaint or twenty-four pages of exhibits does she explain why the three account(s) were not properly reflected on her credit report, how Defendant communicated false information, how Defendant attempted to collect the alleged debt, etc. Plaintiff's amended complaint does not include "a short and plain statement of the claim showing that the pleader is entitled to relief," and, therefore, does not meet the pleading requirements of Rule 8. The amended complaint is therefore **DISMISSED**.

**II.  Defendant's Motion to Dismiss for Failure to State a Claim**

Even if Plaintiff's amended complaint were not a shotgun pleading, it would still be dismissed for failure to state a claim for which relief can be granted.

Plaintiff alleges in the amended complaint that Defendant violated FDCPA subsections 1692e(8), 1692e(10), 1692e(14), 1692f, and 1692g(b). Dkt. No. 18 at 8-9. Each of these subsections pertain to actions of debt collectors. Section 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692f provides that "[a] debt

12

collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Section 1692g states that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice" containing certain information.

The FDCPA defines the term "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692(a)(6); see also Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1218 (11th Cir. 2012) ("[A] party can qualify as a 'debt collector' either by using an 'instrumentality of interstate commerce or the mails' in operating a business that has the principal purpose of collecting debts or by 'regularly' attempting to collect debts.").

The amended complaint contains no factual content to allow a reasonable inference that Defendant is a debt collector. Plaintiff's reference to Defendant as a debt collector is a legal conclusion which is not entitled to a presumption of truth. Iqbal, 556 U.S. at 678-79. And though Plaintiff mentions Defendant made "collection efforts," dkt. 18 ¶ 36, she makes no allegation as to *what those efforts were.* Plaintiff alleges only that Defendant

13

reported debt to the credit reporting agencies. At best, Plaintiff has alleged that Defendant is a creditor. "The FDCPA 'applies only to debt collectors and not to creditors or mortgage servicers.'" Ingram v. Green & Cooper, Att'ys LLP, No. 1:11-CV-03475-TWT, 2012 WL 1884598, at *3 (N.D. Ga. Apr. 20, 2012), report and recommendation adopted, No. 1:11-CV-3475-TWT, 2012 WL 1884594 (N.D. Ga. May 21, 2012); see also Buckentin v. SunTrust Mortg. Corp., 928 F. Supp. 2d 1273, 1294 (N.D. Ala. 2013) ("[C]onsumer's creditors . . . are not considered debt collectors[.]" (quoting Reese v. JPMorgan Chase & Co., 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009))). Plaintiff's failure to allege sufficient factual detail to show Defendant is a debt collector is fatal to her FDCPA claims. Defendant's motion to dismiss Plaintiff's amended complaint is therefore **GRANTED.**

## CONCLUSION

Defendant's motion to dismiss Plaintiff's amended complaint, dkt. no. 20, is **GRANTED,** and Plaintiff's amended complaint is **DISMISSED with prejudice.** The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 24th day of October, 2024.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

14